IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KIMBERLY M. ADAMS, Individually *
and on behalf of a class of
persons similarly situated, *

      Plaintiff *

vs. *

                             CASE NO. 4:05-CV-132 (CDL)

MONUMENTAL GENERAL CASUALTY *
COMPANY,
                              *

      Defendant
                               *

## O R D E R

In this putative class action, Plaintiff alleges claims for breach of contract, common law negligence, negligence per se, unjust enrichment, intentional tort, attorney's fees, and punitive damages arising from Defendant's failure to return unearned insurance premiums to Plaintiff and other putative class members. Defendant has filed a Motion for Judgment on the Pleadings as to Plaintiff's claims for unjust enrichment, common law negligence, negligence per se, intentional tort and attorney's fees. Although Plaintiff stipulates that it is appropriate to dismiss her claim for unjust enrichment,[1] she insists that her remaining claims are viable. For the reasons stated herein, the Court grants Defendant's motion as to Plaintiff's claims for unjust enrichment, common law negligence, negligence per se, and intentional tort, but denies Defendant's motion as to Plaintiff's claim for attorney's fees.

---

[1] Since Plaintiff concedes that she does not have a claim for unjust enrichment, the Court grants Defendant's motion with respect to that claim.

## LEGAL STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.,* 404 F.3d 1297, 1303 (11th Cir. 2005) (internal quotation marks and citation omitted). The court is required to construe the pleadings in favor of the non-moving party, and may grant judgment on the pleadings only if the non-moving party "can prove no set of facts" that would allow her to prevail. *Id.*

## FACTUAL BACKGROUND

Plaintiff purchased a Harley Davidson motorcycle from Riders Harley-Davidson on August 24, 2004. She financed the motorcycle through Eaglemark Savings Bank. As part of this transaction, Plaintiff purchased a GAP insurance policy from Defendant that was to pay off the balance of Plaintiff's loan under certain conditions. Plaintiff paid a single, one-time premium in the amount of $275.00 for the GAP coverage. The insurance policy provided that Plaintiff's coverage would terminate upon the termination of the underlying loan, and that upon early termination, Plaintiff would be entitled to a refund of the unearned premium.

Plaintiff paid off her loan before the designated due date and thus became entitled to a refund of the unearned premium. That unearned premium covered the period from the payoff date until the

end of the original term of the loan.  Although Plaintiff requested her refund, she never received it prior to the filing of this action.[2]

Plaintiff alleges the following causes of action against Defendant:

    (a)  breach of contract, for failing to refund unearned premiums in accordance with terms of its contract of insurance . . . ;

    (b)  unjust enrichment, for keeping the funds that rightfully belong to Plaintiff . . . ;

    (c)  negligence (common law and *per se*) for administering its credit insurance policies so as not to refund unearned premiums to Plaintiff . . . ;

    (d)  willful, wanton, and intentional misconduct in administering its credit insurance polices so as not to refund unearned premiums to Plaintiff . . . ;

    (e)  bad faith in the underlying transaction, stubborn litigiousness, and for having put Plaintiff . . . to unnecessary trouble and expense, pursuant to O.C.G.A. § 13-6-11; and

    (f)  punitive damages, as Defendant's conduct was willful and wanton . . . as evidenced by the fact that Defendant has failed to return unearned premiums . . . .

(Compl. ¶ 45.)  Plaintiff seeks compensatory damages on her breach of contract and tort claims in the amount of the unearned premiums, plus interest.  (*Id.* at ¶¶ 46, 48, 49.)  She also seeks attorney's fees and punitive damages.  (*Id.* at ¶¶ 51, 52.)

---

[2] In addition to the August 2004 motorcycle transaction, Plaintiff also alleges that she purchased a pickup truck in October 2003 for which she was owed, and never received, an unearned premium refund.  The Court previously ruled that the October 2003 transaction was the subject of a binding arbitration agreement and ordered arbitration of that claim. Therefore, this Order relates only to the August 24, 2004 motorcycle transaction.

3

DISCUSSION

To determine whether Plaintiff's claims are viable, the Court must first decide the applicable law. Plaintiff is a resident of Alabama. The transaction occurred in Alabama. The insurance policy was delivered in Alabama, and Plaintiff tendered her premium payment in Alabama. Defendant contends that Alabama law is the applicable law, and for purposes of this motion, Plaintiff does not dispute Defendant's position. Accordingly, the Court will apply Alabama law.

Regarding Plaintiff's tort claims, Alabama law is clear that a claim will not lie in tort for the mere breach of a contractual duty. *C&C Prods., Inc. v. Premier Indus. Corp.,* 290 Ala. 179, 186, 275 So. 2d 124, 130 (Ala. 1972). A tort claim must arise from a duty that is owed independent of any duty established by the contract. *Vines v. Crescent Transit Co.*, 264 Ala. 114, 119, 85 So. 2d 436, 440 (Ala. 1956). Although a contractual relationship may give rise to a duty separate from a duty arising from the contract, a party's failure or refusal to perform a contractual promise creates a claim for breach of contract and not a claim in tort. *See Hamner v. Mut. of Omaha Ins. Co.*, 49 Ala. App. 214, 217, 270 So. 2d 87, 89-90 (Ala. Civ. App. 1972). "The manner or intent of such breach does not change the form of action." *Id.* at 218, 270 So. 2d at 90.

In this case, Plaintiff alleges tort claims for negligence and intentional misconduct. She bases her negligence claims on principles of common law negligence and negligence per se. She bases her intentional tort claim on Defendant's allegedly willful, wanton, and intentional misconduct. Whether Plaintiff's claims are in tort, contract, or both, the nature of her claims must be determined from the gravaman of the Complaint. If the Plaintiff's claims arise from

4

a duty imposed on Defendant by the contract itself, then the action is one in contract. If the claim arises from Defendant's breach of a duty independent of one established by the contract, then the action may also be one in tort.

It is clear from a review of Plaintiff's Complaint that her tort claims allege a breach of a contractual duty and not a separate duty independent of the contract. Plaintiff makes it clear that the duty imposed by the contract was a duty to refund the unearned premiums, and Defendant's failure to do so constituted a breach of that contractual duty. (Compl. ¶ 45(a).) Likewise, she alleges that the gravaman of her negligence and intentional tort claims is Defendant's conduct "not to refund unearned premiums." (*Id.* at ¶ 45(c)-(d).) Furthermore, Plaintiff alleges the exact same measure of damages for her breach of contract and tort claims—the unearned premiums plus interest. (*Id.* at ¶¶ 46, 48, 49.) Plaintiff does not allege that Defendant owed her a duty separate from what it owed under the contract. She does not contend that the negligent performance of that contract caused some additional damage separate and apart from that caused by the alleged breach of contract. She simply alleges that the contract imposed on Defendant a duty to refund the unearned premiums and that Defendant's failure to do so constituted a breach of contract *and* a tort. While Defendant's failure may constitute a breach of contract, it cannot, under Alabama law, also constitute a tort. Consequently, Defendant's Motion for Judgment on the Pleadings

is granted as to Plaintiff's claims for negligence and intentional tort.³

Defendant also moves for judgment on the pleadings as to Plaintiff's claim for attorney's fees. While Defendant is correct that Plaintiff does not state a claim under O.C.G.A. §13-6-11 because Georgia law does not apply here, the Court finds that this pleading error is not fatal to Plaintiff's claim for attorney's fees. In addition to her erroneous citation to the Georgia statute, Plaintiff specifically alleges that her claim for attorney's fees is based upon Defendant's "bad faith in the underlying transaction, stubborn litigiousness, and for having put Plaintiff . . . to unnecessary trouble and expense." (Compl. ¶ 45(e); *see also* ¶ 51.) Under Alabama law, a plaintiff may recover attorney's fees if the defendant asserts any defense that lacks substantial justification or was asserted for delay or harassment. *See* ALA. CODE § 12-19-272(a), (c). Construing Plaintiff's allegations in her favor as required at this stage of the proceedings, the Court cannot find that she has alleged no set of facts that would authorize an award of attorney's fees under Alabama law. Accordingly, Defendant's motion to dismiss Plaintiff's claim for attorney's fees must be denied notwithstanding Plaintiff's citation to the Georgia statute in her Complaint.

---

³The Court observes that a state statute or regulation could give rise to a duty independent of the contract that would support a tort claim. However, Plaintiff does not allege in her Complaint that she is relying on such statute or regulation to support her claim, and the Court is limited by the pleadings in deciding a motion that challenges the sufficiency of those pleadings. *See St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002) (explaining in analogous motion to dismiss proceeding that "[t]he scope of the review must be limited to the four corners of the complaint") (internal citation omitted).

6

CONCLUSION

Defendant's Motion for Judgment on the Pleadings (Doc. 50) is granted as to Plaintiff's claims for unjust enrichment, common law negligence, negligence per se, and intentional tort.  Plaintiff's motion is denied as to Plaintiff's claim for attorney's fees. Accordingly, Plaintiff's claims for breach of contract, attorney's fees, and punitive damages remain pending for further adjudication.

IT IS SO ORDERED, this 19th day of July, 2007.

                                        S/Clay D. Land
                                          CLAY D. LAND
                          UNITED STATES DISTRICT JUDGE