IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

```
KIMBERLY M. ADAMS, Individually   *
and on behalf of a class of
persons similarly situated,       *

        Plaintiff,                *

vs.                               *
                                          CASE NO. 4:05-CV-132 (CDL)
                                  *
MONUMENTAL GENERAL INSURANCE
CASUALTY COMPANY, a corporation,  *

        Defendant.                *

                                  *
```

O R D E R

Presently before the Court is Plaintiff's Motion to Substitute Stonebridge Casualty Insurance Company as Defendant (Doc. 79). For the following reasons, this motion is granted.

BACKGROUND

Plaintiff Kimberly M. Adams filed this putative class action to recover refunds of unearned premiums on single premium credit insurance policies sold by Defendant Monumental General Insurance Casualty Company's ("Monumental"). Plaintiff purchased two separate GAP policies from Monumental, one on October 23, 2003 and the other on August 24, 2004. Plaintiff claims that she became entitled to unearned premium refunds on each of these policies when she paid the underlying loans in advance of their scheduled termination dates.[1]

---

[1] Plaintiff repaid the second loan on April 26, 2005, and she repaid first loan on September 7, 2005.

1

Monumental failed to issue Plaintiff's refunds, and on November 21, 2005, she filed the presently pending lawsuit on behalf of herself and other similarly situated persons who have also been denied a refund of their unearned insurance premiums.

On or about October 1, 2004, Monumental transferred all of its assets and liabilities to Stonebridge Casualty Insurance Company ("Stonebridge"). This transfer of interests predates both of Plaintiff's early loan repayments, as well as the filing of this lawsuit. Thus, at all times relevant to this action, Stonebridge had already assumed the role of Monumental's successor-in-interest. On February 15, 2006, Monumental informed the Court that "[a] sale of Monumental was completed on December 23, 2005[,] [and] [a]ll liabilities . . . were assumed by Stonebridge . . . ."[2] (Corporate Disclosure Statement ¶ 1.) Subsequently, the parties amended their scheduling order to include the following language: "Counsel for Defendant advises that Stonebridge . . . is the successor in interest to Monumental . . . and should be substituted as the Defendant. Plaintiff reserves the right to investigate this issue prior to any dismissal of Monumental . . . ." (Am. Scheduling Order 1.) Between May and December of 2006, Monumental submitted numerous responses to Plaintiff's discovery requests that referred to Stonebridge and its

---

[2]On December 21, 2005, Aegon USA, the parent company to Monumental and Stonebridge, sold "100% of the issued and outstanding shares of common stock of [Monumental]" to an unrelated Oregon holding company. (Ex. 2 to Pl.'s Mot. at 24.) The holding company changed the name to Work First Casualty Company. (*Id.*)

status as Monumental's successor-in-interest. (*See generally* Exs. 3-7 to Pl.'s Mot.) Now, arguing that "Stonebridge has been acting as the *de facto* Defendant from the beginning of this case[,]" (*id.* at 5), Plaintiff seeks to join or substitute Stonebridge as a defendant. Monumental submits that it "has no objection to joining Stonebridge in its capacity as *successor-in-interest* to Monumental."[3] (Monumental Gen. Cas. Co.'s Resp. to Pl.'s Mot. to Substitute Stonebridge Cas. Ins. Co. as Def. 1 (emphasis in original) [hereinafter Def.'s Resp.].)

The Federal Rules of Civil Procedure permit a court "at any time, on just terms, [to] add or drop a party." Fed. R. Civ. P. 21. Here, [joining/substituting] Stonebridge as a defendant will facilitate the management of this case without causing undue prejudice to Stonebridge. First, it appears that the only named defendant—Monumental General Casualty Insurance Company—no longer

---

[3]Monumental does object to Plaintiff's motion "to the extent [P]laintiff's motivation for joining Stonebridge is to expand the scope of the putative class[.]" (Def.'s Resp. 1.) More specifically, Monumental objects to "expanding the scope of the class to include consumers who purchased insurance from Stonebridge in addition to consumers who, like the plaintiff, purchased insurance from Monumental." (*Id.* at 3.) Plaintiff contends that "Stonebridge itself is directly responsible for the failure to refund unearned premiums on its insurance contracts, whether it issued those contracts directly or assumed them from Monumental." (Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Substitute Stonebridge Cas. as Def. 4.) At present, Plaintiff's deadline for filing a final motion for class certification, and any supporting materials, is March 6, 2008. (5th Am. Scheduling Order ¶ 3.) The Court notes Defendant's objection to the present motion, but will defer ruling on any issues relating to "defin[ing] the class and the class claims, issues, or defenses" until Plaintiff presents these issues in a motion to certify a class of plaintiffs. Fed. R. Civ. P. 23(c)(1)(B).

exists as a legal entity.  Second, it is undisputed that Stonebridge assumed responsibility for Monumental's liabilities on October 1, 2004,[4] and that Stonebridge will be liable for any damages awarded in this case.  Moreover, since both of Plaintiff's GAP policies were current and in effect on and after October 1, 2004, it appears that Plaintiff may have been engaged in a business relationship with Stonebridge in 2005, at the time each of her individual claims arose.  Finally, the record is clear that Stonebridge has been represented by counsel and has participated in this litigation, in some capacity, since at least May 2006.  (*See*, *e.g.*, Ex. 4 to Pl.'s Mot. 1 ("Stonebridge . . . , successor-in-interest to Defendant Monumental . . . , by *its* attorneys, supplements *its* answers to Plaintiff's First Set of Interrogatories . . . [.]") (emphasis added).)  Under these circumstances, the Court finds it appropriate to [join/substitute] Stonebridge as a defendant, and it will permit Plaintiff to amend her pleadings in order to reflect this change.[5]

CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Substitute Stonebridge Casualty Insurance Company as Defendant (Doc. 79) is granted.  Plaintiff shall file an amended complaint within five (5)

---

[4] Defendant admits that "[e]ffective October 1, 2004, Monumental ceased writing GAP insurance business, and all of Monumental's existing business was transferred to Stonebridge . . . ."  (Ex. 7 to Pl.'s Mot. to Substitute Stonebridge Cas. Ins. Co. as Def. at ¶ 1 [hereinafter Pl.'s Mot.].)

[5] Plaintiff is instructed that her amended complaint must comply with the rulings contained in this Court's Order dated July 19, 2007.

4

days of the date of this Order.  Stonebridge will file its answer to Plaintiff's amended complaint as required under the Federal Rules of Civil Procedure and the local rules of this Court.

IT IS SO ORDERED, this 18th day of January, 2008.

S/Clay D. Land  
CLAY D. LAND  
UNITED STATES DISTRICT JUDGE