IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| KIMBERLY M. ADAMS, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:05-CV-132 (CDL) |
| MONUMENTAL GENERAL CASUALTY COMPANY, a corporation, and STONEBRIDGE CASUALTY INSURANCE COMPANY, as successor-in-interest to Monumental General Insurance Casualty Company, | * * * * | |
| Defendants. | * | |

O R D E R

Presently pending before the Court is Plaintiff's Motion to Strike Defendant's Bill of Costs (Doc. 187). This motion presents an issue of first impression not yet addressed in this Circuit: whether the dismissal of an action based upon lack of subject matter jurisdiction, upon the denial of a motion for class certification and a declination to exercise supplemental jurisdiction over remaining state law claims, amounts to a favorable termination of the litigation such that the party against whom the claims were asserted is entitled to recover its costs. As discussed below, the Court finds that for purposes of the recovery of costs, such dismissal is not a favorable termination, and even if it is deemed a favorable termination, costs should not be awarded in this case.

BACKGROUND

Plaintiff brought this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and other similarly situated persons against Monumental General Casualty Company and Stonebridge Casualty Insurance Company (collectively, "Defendant") after they failed to refund unearned credit insurance premiums to Plaintiff when she paid off her underlying loan before the loan termination date. All of Plaintiff's claims arose under state law. Federal subject matter jurisdiction was based upon Plaintiff's putative class action claims pursuant to 28 U.S.C. § 1332(d)(2), which provides for diversity jurisdiction over putative class actions under certain circumstances. The Court had supplemental jurisdiction over Plaintiff's individual state law claims.

The Court dismissed—on the merits—Plaintiff's unjust enrichment, common law negligence, negligence per se, and intentional tort claims, which the Court finds were essentially alternative legal theories seeking the same primary relief as her breach of contract claim–a return of her unearned premiums. After the dismissal of her other state law claims, Plaintiff proceeded against Defendant on her individual and class breach of contract claims. The Court ultimately denied Plaintiff's Motion for Class Certification, which removed the original basis for federal jurisdiction. *Adams v. Monumental Gen. Cas. Co.*, No. 4:05-CV-132 (CDL), 2009 WL 383625 (M.D. Ga. Feb. 12, 2009). The Court subsequently declined to exercise supplemental

jurisdiction over Plaintiff's remaining individual state law breach of contract claim. *Id.* at \*4-\*5. The action was accordingly dismissed.

After the Court denied Plaintiff's Motion for Class Certification and declined to exercise supplemental jurisdiction over Plaintiff's individual breach of contract claim, Defendant filed a Bill of Costs under Federal Rule of Civil Procedure 54(d)(1), which provides that costs should generally be allowed to the "prevailing party." Plaintiff seeks to strike that Bill of Costs.

## DISCUSSION

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." There is a "strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Generally, "[a] defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit." *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005) (per curiam). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (per curiam) (internal quotation marks omitted). Moreover, if a plaintiff's federal claims are dismissed *on the merits* and the court declines supplemental jurisdiction over the remaining state law

3

claims, the defendant is generally considered to be the "prevailing party." *Id.* at 355.

In this action, Plaintiff asserted no federal substantive law claims, and therefore, unlike in *Head,* Defendant did not prevail on any federal substantive law claims. All of Plaintiff's substantive law claims were based upon state law. This Court had jurisdiction over this action under the diversity of citizenship provisions of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). The Court exercised supplemental jurisdiction over Plaintiff's individual state law claims. It is undisputed that Defendant prevailed on Plaintiff's motion for class certification. The denial of class certification removed the basis for federal subject matter jurisdiction unless the Court exercised its discretion to maintain supplemental jurisdiction over the remaining state law claim, which the Court ultimately declined to do. Therefore, the question arises as to whether Defendant's success on some of the state law claims and the motion for class certification makes it a prevailing party even though the primary state law claim was dismissed without prejudice.

A strong argument can be made that Defendant is not the prevailing party for purposes of Rule 54(d)(1). Although it prevailed on Plaintiff's motion for class certification, the claim for certification was not a federal substantive law claim. The underlying substantive law claim was a state law claim for breach of

4

contract. Furthermore, the Court's dismissal of other state law claims on the merits does not diminish the merit of Plaintiff's breach of contract claim, which essentially sought the same primary relief as the other claims–a return of unearned premium. The primary individual relief being sought by Plaintiff was for a return of her unearned premium, and on that claim, Defendant did not prevail. Neither party prevailed because that claim was dismissed without prejudice. *See Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037-38 (8th Cir. 2001) (per curiam) ("[A] voluntary dismissal without prejudice means that neither party can be said to have prevailed.").[1] Based on the foregoing, the Court finds Plaintiff's argument that Defendant was not the prevailing party for purposes of an award of costs to be persuasive.

Even if the Court would be authorized to find that Defendant is a prevailing party for Rule 54(d)(1) purposes, the Court finds that the circumstances of this case do not support an award of costs to either party. Any presumption in favor of an award of costs has been rebutted. As explained previously, Defendant did not prevail on the substantive law claim upon which the entire action was based–a claim for the return of her unearned premium. In addition, the Court also observes that Plaintiff's class claims were not frivolous, that

---

[1] An argument could be made that Plaintiff prevailed on this claim because after she filed this action Defendant tendered to her the unearned premium refund. The Court notes that had that tender been accompanied by an offer of judgment in that amount pursuant to Federal Rule of Civil Procedure 68, Defendant would likely have been entitled to recover its costs as a matter of right.

5

Plaintiff in good faith pursued the class claims, and that extensive discovery revealed a complicated set of facts that presented difficult and close questions of law.  Under the unique circumstances of this case, the Court finds that justice requires that the parties bear their own costs in this action.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion to Strike Defendant's Bill of Costs (Doc. 187) and orders that each party bear its own costs.

IT IS SO ORDERED, this 30th day of June, 2009.

                                          S/Clay D. Land
                                                CLAY D. LAND
                                       UNITED STATES DISTRICT JUDGE